835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George W. DINGUS, Petitioner,
v.
WESTMORELAND COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 87-3537.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Dec. 8, 1987.
 
 Bruce E. Gibson (Joseph E. Wolfe; Wolfe & Farmer, on brief), for petitioner.
 Douglas Allan Smoot (Jackson, Kelly, Holt & O'Farrell, on brief), for respondent.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant seeks review of the Board's order affirming the administrative law judge's denial of black lung benefits. Because we think that there was substantial evidence to support the finding that the employer rebutted the presumption of total disability, we affirm.
 
 
 2
 Based upon x-ray evidence that claimant suffered from pneumoconiosis and that he had been a coal miner for 35 years, the ALJ afforded claimant the rebuttable interim presumption that he was totally disabled from the disease. The employer does not contest that the presumption was properly invoked under 20 C.F.R. Sec. 727.203(a)(1).
 
 
 3
 The ALJ found, however, that the employer had rebutted the presumption under 20 C.F.R. Sec. 727.203(b)(3). Our review of the record satisfies us that substantial evidence supports the finding that claimant was not totally disabled in whole or in part from pneumoconiosis but rather from bullous emphysema. There was medical evidence from three physicians, Drs. Byers, Buddington and Kress. Drs. Byers and Buddington personally examined claimant and Dr. Kress evaluated the results of tests conducted by the other two. Both Dr. Kress and Dr. Byers found that claimant suffered from bullous emphysema, that that disease rather than simple pneumoconiosis caused his impairment, and that the pneumoconiosis did not cause the emphysema. Their testimony established that the claimant's primary condition, emphysema, "was not aggravated to the point of total disability by prolonged exposure to coal dust." Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 124 (4 Cir.1984). While it is true that Dr. Buddington expressed a contrary view, the ALJ convincingly explained why he accepted the views of Drs. Kress and Byers rather than that of Dr. Buddington. The evidence to support the ALJ's finding was thus substantial.
 
 
 4
 AFFIRMED.